UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GARY LYNN LEWIS,<br><br>                    Petitioner,<br>       v.<br><br>I. BACA et. al.,<br><br>                    Respondents. | Case No. 3:14-cv-00525-MMD-VPC<br><br>ORDER |

Petitioner has paid the filing fee. Currently before the Court are the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and a motion for appointment of counsel.

Whenever the court determines that the interests of justice so require, counsel may be appointed to any financially eligible person who is seeking habeas corpus relief. 18 U.S.C. § 3006A(a)(2)(B). "[T]he district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952 (9th Cir. 1983). There is no constitutional right to counsel in federal habeas proceedings. *McCleskey v. Zant*, 499 U.S. 467, 495 (1991). The factors to consider are not separate from the underlying claims, but are intrinsically enmeshed with them. *Weygandt*, 718 F.2d at 954.

On its face, the petition is untimely. Petitioner is challenging his custody pursuant to a judgment of conviction entered on August 14, 1996. Petitioner states that he did not

appeal, and that he first filed a state habeas corpus petition on February 19, 2009. The one-year period for filing a federal habeas corpus petition expired at the end of August 14, 1997, more than 17 years before petitioner commenced this action.

Petitioner presents an argument for actual innocence, which can excuse operation of the statute of limitations. *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013). Pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970), petitioner pleaded guilty to one count of sexual assault. He maintains that DNA analysis would show that he did not commit the crime. He alleges, and documents attached to the petition show, that in his most recent state petition the Court appointed counsel to investigate the matter, but that he never received any information from counsel. Under the circumstances, appointment of counsel can help the court determine whether there is any merit to petitioner's argument.

It is therefore ordered that the Clerk of the Court file the petition for a writ of habeas corpus and the motion for appointment of counsel.

It is further ordered that petitioner's motion for appointment of counsel is granted. The Federal Public Defender is provisionally appointed to represent petitioner.

It is further ordered that the Federal Public Defender shall have thirty (30) days from the date that this order is entered to undertake direct representation of petitioner or to indicate to the Court his inability to represent petitioner in these proceedings. If the Federal Public Defender does undertake representation of petitioner, he shall then have sixty (60) days to file an amended petition for a writ of habeas corpus. If the Federal Public Defender is unable to represent petitioner, then the Court shall appoint alternate counsel.

It is further ordered that neither the foregoing deadline nor any extension thereof signifies or will signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely asserting claims.

///

It is further ordered that the Clerk of the Court shall add Adam Paul Laxalt, Attorney General for the State of Nevada, as counsel for respondents.

It is further ordered that the Clerk of the Court shall electronically serve both the Attorney General of the State of Nevada and the Federal Public Defender a copy of the petition and a copy of this order.

It is further ordered that respondents' counsel shall enter a notice of appearance within twenty (20) days of entry of this order, but no further response shall be required from respondents until further order of the Court.

It is further ordered that any exhibits filed by the parties shall be filed with a separate index of exhibits identifying the exhibits by number or letter. The CM/ECF attachments that are filed further shall be identified by the number or numbers (or letter or letters) of the exhibits in the attachment. The hard copy of any additional state court record exhibits shall be forwarded — for this case — to the staff attorneys in Las Vegas.

DATED THIS 15th day of May 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE